UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ALLAH,<br><br>    Petitioner,<br><br>    v.<br><br>DONALD R. HOLBROOK,<br><br>    Respondent. | 4:15-cv-05100-SAB<br><br>**ORDER DISMISSING HABEAS ACTION** |

Before the Court is Petitioner's First Amended Petition, ECF No. 8. It consists of 334 pages, approximately 265 of which are the transcripts from Petitioner's federal criminal trial and sentencing hearing in 2:13-cr-00112-ALH. Petitioner, a *pro se* prisoner at the Washington State Penitentiary ("WSP"), is proceeding *in forma pauperis*; Respondent has not been served.

By Order filed December 8, 2015, the Court advised Petitioner of the deficiencies of his initial petition and directed him to file an amended petition within sixty (60) days. ECF No. 6. Specifically, Petitioner was instructed to present a short and plain statement showing that he is entitled to relief from his Franklin County conviction and sentence and to allege how he has exhausted his state court remedies. After review of Petitioner's submission, the Court finds that he has failed to comply with these directives.

//

**ORDER DISMISSING HABEAS ACTION --** 1

1    As a general rule, an amended pleading supersedes the original pleading and renders it without legal effect. *Lacey v. Maricopa County*, 693 F.3d 896, 927 (9th Cir. 2012). Therefore, "[a]ll causes of action alleged in an original [petition] which are not alleged in an amended [petition] are waived." *King v. Atiyeh,* 814 F.2d 565, 567 (9th Cir. 1987), *overruled on other grounds,* 693 F.3d 928 (any claims voluntarily dismissed are considered to be waived if not repled). Furthermore, Respondents not named in an amended petition are no longer Respondents in the action. *See, e.g.*, *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). As instructed, Petitioner has named only the superintendent of the facility in which he is incarcerated as the proper party Respondent. Therefore, **IT IS ORDERED** the Clerk of Court shall **TERMINATE** Bernard Warner, Judge Bruce A. Spanner and Judge Ancer L. Haggerty as Respondents to this action.

Petitioner did not present his habeas petition on the form provided by the Court as required by LR 9.1, Local Rules for the Eastern District of Washington. Once again, Petitioner captions his document "At Law and in Admiralty," and refers to an "Article I, § 8 U.S. Court." As previously admonished, any assertion that Petitioner's claims fall under this Court's admiralty or maritime jurisdiction is plainly frivolous.

After liberally construing his submissions, the Court finds that Petitioner has failed to present a short and plain statement showing that he is entitled to relief pursuant to 28 U.S.C. § 2254. As previously advised, the Court will not consider any collateral challenge to Petitioner's federal conviction in this action, or any challenge to convictions arising in the Western District of Washington.

//
//
//
//
//

**ORDER DISMISSING HABEAS ACTION -- 2**

Therefore, **IT IS ORDERED:**

1. That this action is **DISMISSED without prejudice** pursuant to Rule 4, Rules Governing Section 2254 Cases in the United States District Courts.

**IT IS SO ORDERED**. The District Court Executive is directed to enter this Order, enter judgement in favor of Respondent, forward copies to Petitioner at his last known address, and close this file. The Court further certifies that pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

**DATED** this 24th day of February, 2016.



Stanley A. Bastian
United States District Judge

**ORDER DISMISSING HABEAS ACTION -- 3**